# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 08-0024 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JOSEPH E. ROBINSON | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by petitioner Joseph E. Robinson. Doc. # 90.  For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

Petitioner was convicted of eight counts related to drug distribution, specifically, conspiracy and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846 & 851.  *United States of America v. Joseph Earl Robinson*, 344 Fed.Appx. 936 (5th Cir. 2009).  Petitioner was sentenced to 240 months of imprisonment on all counts, to run concurrently.  Judgment, Jan. 9, 2009, Doc. # 76.  Petitioner timely filed the instant motion on November 1, 2010.

The Indictment against petitioner was filed in the Western District of Louisiana on January 24, 2008.  Doc. # 1.  The Indictment charged that beginning in July 2007, the petitioner and others conspired and agreed to possess with the intent to distribute fifty grams and more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii).  *Id.*  The Indictment further charged that, on numerous dates in June and July, 2007, the petitioner knowingly and intentionally possessed with intent to distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(iii).  *Id.*

Petitioner had his initial appearance and arraignment on February 11, 2008.  Doc. # 10. Upon requesting court-appointed counsel, Mr. Walter Lee Perkins was assigned to represent petitioner.  Petitioner pled not guilty to each count of the Indictment.  *Id.*  At a status conference on February 26, 2008, jury trial was set for April 21, 2008.  Electronic Mins., Doc. # 14.

On March 18, 2008, petitioner filed a waiver of his right to a speedy trial, in order to "allow [petitioner and his counsel] sufficient time and opportunity to complete preparation of his defense...to review the evidence against him, and to attempt to locate witnesses favorable to [petitioner]."  Doc. # 20.  Petitioner's trial was continued to June 3, 2008.  Electronic Mins., Mar. 24, 2008, Doc. # 22.  Thereafter, petitioner's counsel filed a motion to suppress on April 4, 2008 [doc. #23], which was denied on May 13, 2008.  Doc. # 37.

On May 21, 2008, District Judge Robert G. James granted petitioner's second motion to continue trial to August 25, 2008.  Order, Doc. # 40.  After a two-day trial, petitioner was convicted of all counts of the Indictment.  Doc. # 66.  The day petitioner was convicted, Attorney Perkins moved for a mistrial, which was denied.  *See* Mins. of Court, Aug. 27, 2008, Doc. # 61. On November 13, 2008, sentencing was continued to January 6, 2009.  Doc. # 77.  Petitioner was committed to the custody of the Bureau of Prisons for a terms of 240 months on Counts 1-8. Judgment, Jan. 9, 2009, Doc. # 76.  Petitioner was also sentenced to supervised release for 10 years on counts 1-2 to run concurrently, and 8 years on counts 3-8, also to run concurrently.  *Id.*

Petitioner thereafter appealed to the Fifth Circuit Court of Appeals.  *See* Notice of Appeal [doc. # 77] filed January 12, 2009.  On September 18, 2009, the Fifth Circuit issued as mandate a judgment affirming the conviction and sentence of petitioner.  *United States of America v. Robinson*, 344 Fed.Appx. 936 (5th Cir. 2009).  On February 22, 2010, the United States Supreme Court denied petitioner's writ of certiorari.  Doc. # 89.  Petitioner's motion timely followed.[1]

---

[1] *See Clay v. United States*, 537 U.S. 522, 532 (2003); *see also United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) (holding, *inter alia*, that where a defendant seeks direct appeal, "the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where...the appellant has not actually filed such a petition."  *Id.*)  Petitioner's judgment of conviction became final 90

Petitioner asserts the following grounds for relief:

(1) Prosecutorial misconduct, in that exculpatory evidence was withheld in violation of the "*Brady* Rule."  Doc. # 90, p. 4.

(2) Prosecutorial misconduct, in that the police were allowed to "lie in judicial proceeding to alter the facts or the use of perjured testimony on the stand to create jurisdiction by the trickery of this facts [*sic*].  Examples include on the stand testimony at the preliminary hearing and Trial."  *Id.* at p. 5.

(3) Prosecutorial misconduct; petitioner's argument is unclear, but it appears he contests the authenticity of statements on the audio and videotapes that were presented at trial.  *Id.* at p. 7.

(4) Ineffective assistance of counsel, in that his attorney, Mr. Perkins, allowed the government "once again to use the evidence...that was suppressed at the suppression hearing to be use[d] against the petitioner in th[e] charged conduct."  *Id.* at p. 8.

(5) Ineffective assistance of counsel, in that "counsel was not effective for having petitioner waive his speedy trial rights."  *Id.* at p. 14.

(6) Ineffective assistance of counsel, in that Mr. Perkins' "competence was deficient when he suffers from an disease know as Parkin's effective his performance [*sic*]."  *Id.*

(7) Ineffective assistance of counsel, in that Mr. Perkins failed to advise petitioner to accept a plea offer.  *Id.* at p. 15.

(8) Ineffective assistance of counsel, in that Mr. Perkins failed to object to "the perjured testimony of the police officers though the course of the proceeding."  *Id.*

(9) Government misconduct, in that the government utilized an informant.  *Id.* at p. 16.

(10) It is unclear precisely what grounds petitioner bases his tenth claim for relief on; petitioner states that there are "inadequacies...between the 2007 and 2008 records of the Court."  *Id.*  Petitioner further argues that the records in existence at the time of his trial are now "hidden from the public record."  *Id.*  Petitioner offers various Freedom of Information Act ("FOIA") requests in support of this claim.

(11) "Illegal enhancement of a prior conviction to establish an § 851 against petitioner."  *Id.* at p. 16.

---

days after the Fifth Circuit ruling on September 18, 2009. The one-year limitation period began to run when the time expired for filing a petition for certiorari to the Supreme Court, making petitioner's deadline December 17, 2010.

## LAW AND ANALYSIS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*).  Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally.  A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*citing Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).  Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255.  *See Segler*, 37 F.3d at 1134.

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981).  Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

## I.      Prosecutorial Misconduct

Petitioner insinuates that exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), but fails to allege what information, precisely, was withheld. Doc. # 90, p. 4. Petitioner only alleges that "favorable evidence was withheld [at] the suppression hearing of the conspiracy charge" and that "perjured testimony" was used to "establish jurisdictional facts." *Id.* Petitioner further asserts that both his preliminary hearing and trial were fraught with "perjured testimony." *Id.* at p. 5. Petitioner specifically contends that false statements were used to convict him of the conspiracy charge, count 1 of the Indictment. *Id.* at p. 7.

Petitioner's brief is devoid of any factual basis to support his *Brady* claim; he simply states that "several members of the state unite[d] to use false testimony of police officers to obtain an illegal conviction." Doc. # 90-1. Petitioner fails to specify what testimony of the "police officers" was allegedly false. Additionally, petitioner has failed to demonstrate any cause for his failure to raise this issue on appeal. Petitioner argues that he neglected to raise this claim in his direct appeal because "[p]rosecutorial misconduct claims are better raised on collateral proceedings due to the fact that [there] are facts that exist outside the record." Doc. # 90, p. 5. However, petitioner does not specify any facts outside the record that prove support his claim

that the government withheld evidence, or that perjured testimony was used at his suppression hearing or trial.

Petitioner did, however, raise a sufficiency of the evidence claim on his appeal. Accordingly, any claim with respect to the evidence, its quality or sufficiency, or the credibility of any witnesses, is foreclosed because the Fifth Circuit decided the issue on direct appeal; petitioner cannot, therefore, raise it again in a collateral proceeding. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Segler*, 37 F.3d at 1134.

Finally, in ground three, petitioner attacks the use of audio and videotapes at his trial. Doc. # 90, p. 8.  Petitioner contends that the presentation of audio and video recordings of his drug transactions with a confidential informant ("CI") was improper. *Id*. Again, petitioner raised sufficiency of the evidence on direct appeal, a claim that was rejected by the Fifth Circuit. Petitioner presents no new evidence that would warrant granting a new trial.  Therefore, the Fifth Circuit's decision with respect to the sufficiency of evidence at his trial stands, and precludes his raising the issue in a collateral proceeding.

It is therefore recommended that petitioner's *habeas* claim for relief on the grounds that there was prosecutorial misconduct be **DENIED**.

## II.    Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Gipson*, 985 F. 2d 212 (5th Cir. 1993); *United States v. Navejar*, 963 F. 2d 732, 735 (5th Cir. 1992).  Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the defendant of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-7, 104 S.Ct. 2052, 2063-64 (1984).  To prevail on a claim of ineffective assistance of counsel, a defendant must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the

ineffectiveness of counsel prejudiced him.  *Id.*

If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered.  *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997).  The prongs of the test also need not be analyzed in any particular order.  *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).  Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."  *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  *See Strickland* at 689-690, 2065-66.  The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance."  *Strickland* at 690, 2066; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair."  *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F. 2d 279 (5th Cir. 1984).  Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him."  *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1993); *see also, Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).  Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time.  *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

In the case *sub judice*, petitioner puts forth numerous claims of ineffective assistance of counsel, discussed *infra*.  However, petitioner fails to specify, either in his Section 2255 motion or the brief in support, how any of the alleged actions by his counsel fell below an objective

standard of reasonableness, or how petitioner was prejudiced as a result.  It is therefore recommended that petitioner's motion for *habeas* relief on the grounds of ineffective assistance of counsel be **DENIED**.

### A.    Use of "Suppressed" Evidence

Petitioner claims that he was deprived of effective assistance of counsel because Mr. Perkins "allow[ed] the Government...to use the evidence that was suppressed at the suppression hearing to be used against" Petitioner.  Doc. # 90, p. 9.  On April 4, 2008, petitioner filed a motion to suppress all evidence discovered during the search of petitioner's vehicle "and the fruits thereof," including admissions made by petitioner.  Doc. # 23, pp. 5-6.  After the government filed its response, the undersigned ordered a hearing on petitioner's motion to suppress, held May 2, 2008.  *See* Mins., Doc. # 30.  On May 13, 2008, the undersigned issued a Report and Recommendation, recommending that petitioner's motion to suppress be denied. Doc. # 36.  District Judge Robert G. James adopted the Report and Recommendation on July 18, 2008.  Doc. # 45.  As no evidence was ordered suppressed, no suppressed evidence was presented at petitioner's trial.  Mr. Perkins cannot be faulted for "allowing" the evidence that was the subject of a failed motion to suppress to be presented at trial, as such evidence was deemed admissible in the first place.

### B.    Petitioner's Waiver of His Right to a Speedy Trial

Petitioner alleges that Mr. Perkins provided ineffective assistance of counsel "for having Petitioner waive his speedy trial rights."  Doc. # 90, p. 15.  Petitioner further asserts that "examples" are "supported by the record;" however, petitioner neglects to cite to any of these "examples."

Once trial commences, failure to assert a violation of the Speedy Trial Act is waived.  18 U.S.C. § 3162(a)(2).  Further, if petitioner asserts an unconstitutional pre-indictment delay, he must prove prejudice to his substantial rights resulting from that delay, and that the prosecution

sought a tactical advantage by such delay. *United States v. Crouch*, 84 F.3d 1497, 1500 (5th Cir. 1996) (*en banc*). Petitioner has asserted no such prejudice here, such as loss of an evidence or witness.

A review of the docket sheet indicates that there was apparently some movement toward negotiating a plea agreement, as two different plea deadlines were set in connection with the motions for continuance. *See* Mot. to Continue Trial Date, Mar. 19, 2008 (Doc. # 18); Mot. To Continue Trial Date, May 20, 2008 (Doc. # 39). Further, petitioner filed a motion to extend the plea date on April 23, 2008, prior to the hearing on the motion to suppress. Doc. # 25. In light of these motions, combined with the delay in defense counsel receiving all the videotapes in the matter, petitioner signed a Waiver of Speedy Trial Rights on March 18, 2008. Doc. # 20. Mr. Perkins cannot be faulted for attempting to negotiate a plea arrangement with the government rather than proceed immediately to trial, especially when Mr. Perkins had yet to review all the videotapes and conduct discovery. Further, the delay in discovery is not attributable to defense counsel. The waiver to pursue plea negotiation falls into the realm of strategy and tactical maneuvering, which is a matter of judgment, not of objective reasonableness.

### C. Mr. Perkins' Parkinson's Disease

Petitioner offers one sentence as to how Mr. Perkins' Parkinson's Disease impacted his representation of petitioner, as follows: "Counsel competence [*sic*] was deficient when he suffers from an Disease [*sic*] known as Parkin's effective his performance [*sic*]." Doc. # 90, p. 15. Petitioner refers to "information and evidence attached." *Id.* The "evidence" petitioner attaches appears to be two pages copied from an encyclopedia, on which petitioner has underlined the entry for "Parkinson Disease" (between C. Northcote Parkinson and Parkinson's law). Doc. # 90-2, pp. 7-8. Petitioner offers no evidence or facts that would warrant a determination that Mr. Perkins' representation of petitioner was adversely affected by any disease. An objective view of the evidence and review of Mr. Perkins' conduct during the entire proceedings does not indicate

that Mr. Perkins was unduly hampered by his medical condition, as he filed appropriate motions during the pendency of the proceedings.  *See* Doc. Nos. 11, 23, 25, 43, 70, and 71.  Mr. Perkins also vigorously represented defendant at the motion to suppress, at trial, and at sentencing.

### D.    Counsel's Failure to Advise Petitioner to Accept a Plea Bargain

With this claim, petitioner asserts that Mr. Perkins was improper in not advising petitioner "to take a plea which would have put him in a better situation [than] that which currently exist[s]...[e]xample is no plea agreement ever existed.  Doc. # 90, p. 16.  Petitioner seemingly alleges that Mr. Perkins' failure to reach an agreement with the government concerning a guilty plea under favorable terms indicates deficient performance of counsel.

As stated *supra*, the docket sheet indicates that two plea deadlines were set, indicating ongoing plea negotiations.  Doc. Nos. 38, 42.  While the government and a defendant may engage in plea negotiations, there is no such requirement.  A defendant is not entitled to plead guilty and a district court is not required to accept a defendant's guilty plea, even if the government and defendant reach such an agreement.  Fed.R.Crim.P. 11(c)(1) and (c)(3).

### E.    Counsel's Failure to Object to "Perjured" Testimony

Here, petitioner alleges that Mr. Perkins' was ineffective in failing to objected to "the perjured testimony of police officers," as well as for failing to raise issues regarding the sufficiency of the evidence of conspiracy with "Lucky" and "Joe."  Doc. # 90-2, p. 16.  Petitioner does not assert what testimony the police officers gave that was untrue; nor does he offer any evidence, let alone credible evidence, to the contrary in support of his own view of the truth.  As stated *supra*, Mr. Perkins zealously advocated on petitioner's behalf through his sentencing, and vigorously cross-examined all witnesses.  Petitioner has failed to establish how Mr. Perkins' representation fell below a reasonable standard or how petitioner was prejudiced as a result of Mr. Perkins' representation.

### III.     Government Misconduct

Petitioner contends that the use of a CI was inappropriate, because the informant "was not performing in a Good Faith standard..."  Doc. # 90, p. 17.  Therefore, petitioner continues, the Confidential Information Contract that CI DeWanda Robinson (no relation to the petitioner herein) had with the Madison Parish Sheriff's Department rendered her participation in the controlled purchases with petitioner illegal.  *Id.*

Defendant neglects to cite to any authority prohibiting the use of a CI in this matter.  The transactions between the CI and petitioner were closely monitored; both the CI and Madison Parish Sheriff's offices testified to these transactions.  The CI's testimony was supported with video and audio recordings of the transactions.  Finally, any issues petitioner asserts concerning the government's use of a CI could have been raised on direct appeal; petitioner has failed to establish cause for his failure to raise such issues, or prejudice resulting from the alleged misconduct.

### IV.     Inadequacies Between the 2007 and 2008 Records of Court

Petitioner argues that there are "inadequacies...between the 2007 and 2008 records of the Court," and that he is currently waiting to receive records relevant to his FOIA request from the United States Attorney's Office, as well as T-Mobile.  Doc. # 90, p. 16.  In further support of this claim, petitioner contends that there "were different records in existence between the ones that exist now, and ones that did exist or are hidden from the[] public record."  *Id.*  Petitioner's argument as to this claim lacks any factual basis, and petitioner's memorandum does not expound on this particular claim.

Again, petitioner failed to raise this argument on appeal; again, petitioner offers no cause for this failure or no explanation of how it actually prejudiced him.  As such, it is recommended that petitioner's claim on grounds of alleged "inadequacies" of the court records be **DENIED**.

**V.      Illegal Sentence Enhancement**

As his eleventh and final ground for relief, petitioner argues that there was "[i]llegal enhancement of a prior conviction to establish an § 851 against petitioner."  Doc. # 90, p. 17.  In support of this claim, petitioner argues that he was pardoned for his prior felony drug conviction that was used to enhance his sentence; he attaches to his Section 2255 motion a copy of his "Verification of First Offender Pardon" dated August 31, 2004.  Doc. # 90-2, p. 5.

This conviction was a felony drug offense for purposes of 21 U.S.C. § 841(b)(1)(A). Petitioner's subsequent pardon does not change that fact; it merely restored certain citizenship rights and franchises, but is limited by its own terms (for example, it does not permit petitioner to possess a firearm).  *Id.*  Petitioner remains an individual who was convicted of a felony drug offense under the laws of the State of Louisiana regardless of the "First Offender Pardon," and presents no support for any contention to the contrary.  21 U.S.C. § 802(44) defines "felony drug offense" and does not provide for any exception such as the "First Offender Pardon." Petitioner's prior conviction, therefore, remains a conviction for a "felony drug offense."

## CONCLUSION

For the reasons stated above, it is recommended that petitioner's motion [doc. # 90] under 28 U.S.C. § 2255 be **DENIED**.  Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of February, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

13